# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
06/11/2020
CT Log Number 537775328

**TO:** Luisa Gomes
Ross Stores, Inc.
5130 Hacienda Dr
Dublin, CA 94568-7635

**RE:** **Process Served in Indiana**

**FOR:** Ross Dress for Less, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Barrl Rinella, Pltf. vs. Ross Dress for Less, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 19C012006CT000279 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/11/2020 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2020, Expected Purge Date: 06/16/2020 |
| | Image SOP |
| | Email Notification,  Luisa Gomes  maria.gomes@ros.com |
| | Email Notification,  TAIALA PUAMAU  taiala.puamau@ros.com |
| | Email Notification,  VANESSA LANGLAIS  vanessa.langlais@sedgwick.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / KD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL®

7019 2280 0001 2488 3690

MORGAN & MORGAN
FORTHEPEOPLE.COM

20 NW Third Street, Suit
Evansville, IN 47708

Russ Dress For Less Inc
CT Corporation System
334 N Senate Ave
Indianapolis, IN 46204-1708

46204$1708 C045

| STATE OF INDIANA | ) IN THE DUBOIS Circuit COURT |
| | ) SS: |
| COUNTY OF DUBOIS | ) |

| BARRI RINELLA | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) **CAUSE NO.:**  19C01-2006-CT-000279 |
| | ) |
| ROSS DRESS FOR LESS, | ) |
| Defendant(s). | ) |

## SUMMONS

**TO ABOVE NAMED DEFENDANT:**

ROSS DRESS FOR LESS, INC.
CT COPORATION System
334 North Senate Ave
Indianapolis, IN 46204

You have been sued by the Plaintiff in the Court stated above. The nature of the suit against you is stated in the complaint, which is attached to this summons. It also states the demand, which the Plaintiff has made against you.

You or your attorney must answer the petition in writing and your written answer must be filed with the Court within twenty (20) days after you receive this summons or within twenty-three (23) days if you received this summons by mail, or judgment will be entered against you for what the Plaintiff has demanded in the attached petition.

If you deny the demand, or if you have claim against the Plaintiff, you must assert it in your written answer.  It is suggested that you immediately consult an attorney of your choice regarding this matter. The following manner of service of summons is hereby designated:

TO BE SERVED BY: Certified Mail by Counsel
Mailing Number: 7019 2280 0001 2488 3690
Notice of Service to be filed.

Drafted at the office of:
MORGAN & MORGAN
20 NW 3rd Street, Suite 940
Evansville, Indiana 47708

## CERTIFICATE OF MAILING

I hereby certify, that on the 8th day of June , 2020, I mailed a copy of this Summons and Petition to Defendant by registered or certified mail, requesting a return receipt signed by the addressee only, at the last known address of said party.

Robert R. Campbell, Attorney for Plaintiff

Filed: 6/8/2020 5:55 PM
Clerk
Dubois Circuit Court                                                 Dubois County, Indiana

| | |
|---|---|
| STATE OF INDIANA | ) IN THE  JASPER Circuit COURT |
| | ) SS: |
| COUNTY OF JASPER | ) |

| | | |
|---|---|---|
| BARRI RINELLA | ) | |
|       Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | CAUSE NO.:   **19C01-2006-CT-000279** |
| | ) | |
| ROSS DRESS FOR LESS, | ) | |
|       Defendant(s). | ) | |

## COMPLAINT

Comes now the Plaintiff, Barri Rinella, by and through the undersigned counsel, and for her Complaint against the Defendant, Ross Dress for Less, Evansville, IN states as follows:

### PARTIES

1.    At all times pertinent hereto, the Plaintiff, Barri Rinella (Hereinafter "Plaintiff"), was a citizen and resident of the City of West Frankfort, County of Franklin, within the State of Illinois residing at 2941 McReynolds Lane, West Frankfort, Illinois.

2.    At all times material hereto, the Defendant, Ross Dress For Less, a foreign corporation licensed to do business within the State of Indiana, with its Agent for Service of Process being listed with the Secretary of State as Business CT Corporation System, 334 North Senate Ave, Indianapolis, IN 46204.

3.    At all times relevant hereto, the Defendant—by and through their respective agents, ostensible agents, servants, employees, and/or other representatives—owned, controlled, operated, and/or supervised the Ross Dress For Less, Inc. located at 3870 N Newton St, Jasper, Indiana 47546.

1

## JURISDICTION AND VENUE

4.      The circumstances giving rise to this Complaint took place in Dubois County, State of Indiana.

5.      Pursuant to Indiana Trial Rule 75 this Court is an appropriate venue for jurisdiction in this matter.  The Plaintiff's domicile is and, was at all times relevant hereto, the County of Dubois, State of Indiana. The Plaintiff reside in Franklin County, Illinois; and the events occurred in Dubois County, Indiana; and the Defendant operates from principal places of business in City of Jasper, County of Dubois, State of Indiana.  As all relevant agreements and events occurred in Dubois County, this court possesses jurisdiction of the parties and subject matter.

6.      Dubois County Courts have jurisdiction over this matter and venue is appropriate in this County.

## FACTUAL BACKGROUND

7.      On or about May 18, 2019, Mrs. Barri Rinella was a business invitee of Ross Dress for Less located specifically at 3870 N Newton St, Jasper, Indiana 47546.

8.      Upon entering the department store our client and her daughter and grandchild approached the area for the shopping carts.  As she retrieved a cart the pole that was feeble attached came apart and hit our client on the head causing her to become dizzy and fall.  She has a soft spot very tender to the touch and injury to her eye.

9.      Despite knowledge of the defective nature of its cart(s), whether notice be considered express or constructive, the Location, whether by and through their respective agents, ostensible agents, servants, employees, and/or other representatives failed to give any adequate warnings or reasonable attempt to remedy the danger created by the faulty, man-made, hazard.

2

## COUNT I: NEGLIGENCE

10.     Plaintiff incorporates rhetorical paragraphs 1 through 9 as if specifically restated hereunder.

11.     On or about May 18, 2019, as a direct and proximate result of the negligent acts and/or omissions of the Defendants, whether by and through their respective agents, ostensible agents, servants, employees, and/or other representatives, the Plaintiff, Barri Rinella business invitee, while exercising due care for her own safety, was injured by a dangerous condition created and/or not properly maintained by the Defendants, while lawfully and properly on the Defendant's premises.

12.     Indiana Courts have found that landowners/businesses have a duty of reasonable care over common areas upon his/her/its/their property. This duty extends to hazards created by damaged property. Burrel v. Meads, 569 N.E.2d 637 (Ind. 1991); Rector v. Oliver, 809 N.E.2d 887, 893 (Ind. Ct. App. 2004).

13.     Defendants by their collective and/or individual principal agents, had a duty on the date in question to inspect, maintain, and, ultimately, warn its business invitees of unknown dangers that could be encountered within the Location. See. Walters v. JS Aviation, Inc., 81 N.E.3d 1160, 1163 (Ind. Ct. App. 2017); Burrel, *Supra*.

14.     Due and owing to Defendant(s) collective or individual breach of their duty to warn Plaintiff a discoverable danger, Plaintiff was and remains seriously and permanently injured.

15.     At said time and place, the Defendants owed the Plaintiff, as a business invitee upon said premises, a duty to exercise reasonable care for her safety.

16.     The Defendants and their agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to the Plaintiff.

3

## NEGLIGENCE: RES IPSA LOQUITUR

17.     Plaintiff incorporates rhetorical paragraphs one (1) through sixteen (16) as if specifically restated hereunder.

18.     Defendant was in control of the carts owned and provided for the convenience of business invitees to Ross Dress for Less' Jasper location.

19.     Under the doctrine of res ipsa loquitur it could and should be inferred that Defendant was negligent in the use, control, and/or maintenance of the subject cart that was the mechanism of Mrs. Rinella's injury.

20.     It did not matter that others utilized the use of the cart prior to the injury caused to Mrs. Rinella. See. Balfour v. Kimberly Home Health Care, Inc., 830 N.E.2d 145 (Ind. Ct. App. 2005) (The res ipsa loquitur element of exclusive control is a broad concept which focuses on who has the right or power of control of the injuring instrumentality and the opportunity to exercise it, rather than actual physical control); Rector v. Oliver, 809 N.E.2d 887 (Ind. Ct. App. 2004)(Genuine issue of material fact as to whether premises owner could have discovered defect in light fixture through exercise of reasonable care precluded summary judgment for premises owner in customer's personal injury action following incident in which light fixture fell from ceiling and struck customer).

21.     Due and owing to Defendant(s) collective or individual breach of their duty to warn Plaintiff a discoverable danger, Plaintiff was and remains seriously and permanently injured.

22.     At said time and place, the Defendants owed the Plaintiff, as a business invitee upon said premises, a duty to exercise reasonable care for her safety.

23.     The Defendants and their agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to the Plaintiff.

4

## PRAYER FOR RELIEF

24.     Plaintiff requests that this court grant these Plaintiff's damages in an amount to be determined at jury trial for her injuries suffered as a result of Defendant's negligence and lack of care, as the Plaintiff did suffer:

a.     mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

b.     the power and ability to labor and earn has been temporarily and permanently impaired all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

c.     the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

d.     Pain and suffering that is said to include—but is not necessarily limited to—loss of her ability to lead and enjoy a normal life, physical pain and suffering, mental suffering, grief, anxiety, confusion about her symptoms, humiliation, and emotional distress all to her detriment, in a sum to be determined by a jury sitting in the trial of this matter; and,

e.     lost wages in addition to the above-mentioned loss of wage-earning capacity, all of which are either permanent or continuing in nature and the Plaintiff will sustain said losses in the future.

**WHEREFORE**, the Plaintiff, Barri Rinella, demands judgment against the Defendant, Ross Dress for Less, as follows:

A.     A trial by jury on all issues of fact herein;

B.      Compensatory damages against the Defendant in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C.      For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.      For the Plaintiff's costs herein expended; and,

E.      For any and all other relief to which the Plaintiff is entitled.

Respectfully submitted,


_____

Robert Thomas Garwood, Esq.          IN Atty: 32223-49
                                     IL Atty: 6320653
                                     KY Atty: 97001
                                     FL Atty: 1020705

**MORGAN & MORGAN**
20 NW 3rd Street, Suite 940
Evansville, Indiana 47708

Telephone:      (812) 850-6859
Facsimile:      (812) 850-6886
Email: rgarwood@forthepeople.com
*Attorney for Petitioner*

6

## JURY TRIAL DEMAND

Plaintiff, Barri Rinella, pursuant to Indiana Rules of Trial Procedure, Trial Rule 38(B) hereby makes her demand for a trial by jury in the above-mentioned action against the herein named Defendant.

## CERTIFICATE OF COMPLIANCE and SERVICE

I hereby certify that the foregoing document(s) complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G). I further certify that on the 8 days of June 2020 a true and complete copy of this Complaint was served on the following parties and/or counsel of record on the same date said pleading was filed with the Clerk of the Court by placing the same in the U.S. Mail, Certified with Return Receipt, with sufficient postage paid and attached thereto.

Ross Dress For Less
3870 N Newton St.
Jasper, IN 47546

_/s/ Robert Garwood_
ROBERT GARWOOD
Morgan & Morgan
20 MW 3rd Street, Suite 940
Evansville, IN 47708
Telephone: (812) 850-6857
Facsimile: (812) 850-6884
rgarwood@forthepeople.com
COUNSEL FOR PLAINTIFF

7

Filed: 7/1/2020 1:43 PM
Dubois Circuit Court
Dubois County, Indiana

IN THE DUBOIS CIRCUIT COURT
STATE OF INDIANA

BARRI RINELLA,                          )
        Plaintiff                    )
                                        )
v.                                      )
                                        )   CAUSE NO. 19C01-2006-CT-000279
ROSS DRESS FOR LESS, INC.,              )
        Defendant                    )
                                        )
                                        )
                                        )
                                        )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:

   Initiating _____        Responding __X___        Intervening _____; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party ___Ross Dress for Less, Inc._____

   Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   5130 Hacienda Drive_____

   Dublin, California 94568_____

   Telephone # of party _____

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: Deanna M. Marzian Tucker_____        Atty Number: 21849-10_____

   Address: Schiller Barnes Maloney PLLC_____

   401 W. Main Street, Ste. 1600_____

   Louisville, Kentucky 40202_____

   Phone: (502) 583-4777_____

   FAX: (502) 583-4780_____

   Email Address: dtucker@sbmkylaw.com_____

   **IMPORTANT**: Each attorney specified on this appearance:

   (a)        certifies that the contact information listed for him/her on the Indiana Supreme

Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)  **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)  understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a civil tort case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes _____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No _X_ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

_____  Attorney's address

_____  The Attorney General Confidentiality program address

(contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

_____  Another address (provide)

_____

This case involves a petition for involuntary commitment. Yes _____ No _X_

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

_____

b. State of Residence of person subject to petition: _____

c. At least one of the following pieces of identifying information:

(i)  Date of Birth _____

(ii)  Driver's License Number _____

State where issued _____ Expiration date _____

(iii)  State ID number _____

State where issued _____ Expiration date _____

(iv)  FBI number _____

(v)  Indiana Department of Corrections Number _____

2

Filed: 7/1/2020 1:42 PM
Dubois Circuit Court
Dubois County, Indiana

IN THE DUBOIS CIRCUIT COURT
STATE OF INDIANA

BARRI RINELLA,                          )
          Plaintiff               )
                                )
v.                                      )
                                )   CAUSE NO. 19C01-2006-CT-000279
ROSS DRESS FOR LESS, INC.,              )
          Defendant               )
                                )
                                )
                                )

## DEFENDANT, ROSS DRESS FOR LESS, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

        Comes the Defendant, Ross Dress for Less, Inc. (hereinafter "Ross"), by Counsel and for its Answer to the Plaintiff's Complaint, hereby states as follows:

### FIRST DEFENSE

        The Plaintiff's Complaint fails to state a claim against Ross, either in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

        1.     Ross is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

        2.     Ross denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint as stated, but admits that it is a foreign corporation licensed to do business within the State of Indiana and that its agent for service of process is CT Corporation System, 334 N. Senate Avenue, Indianapolis, Indiana 46204.

3.       In response to Paragraph 3 of the Plaintiff's Complaint, Ross admits that it operates a store located at 3870 N Newton Street, Jasper, Indiana 47546, but it denies the remaining allegations contained therein.

4.       In response to Paragraph 4 of the Plaintiff's Complaint, Ross admits that the store it operates at 3870 N Newton Street, Jasper, Indiana 47546 is located in Dubois County, but it is without sufficient knowledge or information to either affirm or deny the remaining allegations contained therein.

5.       Ross denies the allegation in Paragraph 5 of the Plaintiff's Complaint that its principal place of business is in Jasper, Dubois County, Indiana.  The remaining allegations in said paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny the remaining allegations contained therein.

6.       The allegations in Paragraph 6 of the Plaintiff's Complaint constitute legal conclusion to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny the allegations contained therein.

7.       The allegations in Paragraph 7 of the Plaintiff's Complaint constitute legal conclusion to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny the allegations contained therein.

8.       Ross denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.       Ross denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.      In response to Paragraph 10 of the Plaintiff's Complaint, Ross adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 9 of the Plaintiff's Complaint.

11.     Ross denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.     The allegations in Paragraph 12 of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny said allegations and therefore denies same.

13.     The allegations in Paragraph 13 of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny said allegations and therefore denies same.

14.     Ross denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.     The allegations in Paragraph 15 of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny said allegations and therefore denies same.

16.     Ross denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.     In response to Paragraph 17 of the Plaintiff's Complaint, Ross adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 16 of the Plaintiff's Complaint.

18.     The allegations in Paragraph 18 of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Ross admits that shopping carts are available for use at the Ross store located at 3870 N Newton Street, Jasper, Indiana, but it denies the remaining allegations contained therein.

19.     Ross denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

3

20.     The allegations in Paragraph 20 of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny said allegations and therefore denies same.

21.     Ross denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.     The allegations in Paragraph 22 of the Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Ross is without sufficient knowledge or information to either affirm or deny said allegations and therefore denies same.

23.     Ross denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24.     Ross denies the allegations contained in Paragraph 24 (including subparts a. through e.) of the Plaintiff's Complaint.

25.     Any and all other allegations against in the Plaintiff's Complaint which are not specifically admitted herein are denied.

## **THIRD DEFENSE**

The claims of the Plaintiff may be barred in whole or in part by the application of contributory negligence and/or comparative fault on the part of the Plaintiff and Ross relies upon same as an affirmative defense.

## **FOURTH DEFENSE**

The Plaintiff assumed and/or incurred the risk of any alleged injuries and damages, and Ross relies upon same as an affirmative defense.

**FIFTH DEFENSE**

Pursuant to Indiana Code § 34-51-2-14, *et seq*, Ross asserts that the alleged injuries and/or damages, if any, of the Plaintiff were caused in whole or in part by non-parties to this action whose identities are not presently known to Ross. Because discovery is not yet complete, Ross has not had an opportunity to discover, and does not now know, the identity of all such potentially liable non-parties. Should Plaintiff recover any amount against Ross, that amount should be reduced in proportion to the amount of fault attributed to such other parties.

**SIXTH DEFENSE**

The Plaintiff's injuries and/or damages, if any, were caused in whole or in part by an intervening and/or supervening cause which bars the claims asserted against Ross, either in whole or in part.

**SEVENTH DEFENSE**

The Plaintiff's alleged injuries and/or damages, if any, may have been satisfied by third-party payers and/or collateral source entities. Plaintiff's claims and/or damages herein must be barred and/or reduced accordingly.

**EIGHTH DEFENSE**

Ross is entitled to a setoff and reduction in any medical expenses, claimed by the Plaintiff herein to the extent that any such medical bills have been discounted, reduced, or written off, under the holding of *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009).

**NINTH DEFENSE**

Ross lacked actual and/or constructive notice and/or knowledge of any alleged dangerous condition and/or defect at the subject premises and therefore owed no duty of care as alleged by the Plaintiff.

5

## TENTH DEFENSE

Plaintiff's claims may be barred by Plaintiff's own fault if such fault is greater than 50 percent of all fault attributed in this matter.

## ELEVENTH DEFENSE

Ross provisionally pleads as affirmative defenses those defenses of Indiana Trial Rule 8(c) and/or Trial Rule 12 as if fully restated herein, said defenses applicability to be determined during discovery. Further, Ross reserves the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks sufficient knowledge or information, but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Ross Dress for Less, Inc., by Counsel, respectfully demands as follows:

1. That the Plaintiff's Complaint against it be dismissed with prejudice;

2. For its costs herein expended including reasonable attorneys' fees;

3. For a trial by jury on all issues so triable; and

4. For any and all other relief, legal or equitable, to which it may appear to be entitled.

Respectfully submitted,

/s/Deanna M. Marzian Tucker
Deanna M. Tucker, Atty. # 21849-10
SCHILLER BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 583-4777
FAX: (502) 583-4780
dtucker@sbmkylaw.com
*Counsel for Defendant,*
*Ross Dress for Less, Inc.*

6

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the above documents was served either electronically or by First-Class Mail, on counsel listed below on this 1st day of July 2020:

Robert T. Garwood, #32223-49
MORGAN & MORGAN
20 NW 3rd, Suite 940
Evansville, IN 47708
rgarwood@forthepeople.com
*Counsel for Plaintiff*


*/s/ Deanna M. Marzian Tucker*
SCHILLER BARNES MALONEY PLLC

7

IN THE DUBOIS CIRCUIT COURT
STATE OF INDIANA

| | |
|---|---|
| BARRI RINELLA,<br>        Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | )  CAUSE NO. 19C01-2006-CT-000279 |
| ROSS DRESS FOR LESS, INC., | ) |
|         Defendant | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANT, ROSS DRESS FOR LESS, INC.'S
INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND
REQUESTS FOR ADMISSION PROPOUNDED UPON PLAINTIFF, BARRI RINELLA**

Comes the Defendant, Ross Dress for Less, Inc. (hereinafter "Ross"), by Counsel and hereby propounds the following Interrogatories, Requests for Production of Documents and Requests for Admissions to the Plaintiff, **BARRI RINELLA**, to be answered in writing and under oath within thirty (30) days from the date of service hereof. These Interrogatories and Requests are to be considered continuing.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**    Please describe yourself fully, providing your full name, address, social security number and date of birth.

**ANSWER:**

**INTERROGATORY NO. 2:**       Please describe in complete narrative detail the accident which is the subject matter of this litigation, describing chronologically the events that occurred leading up to the accident, during the accident, and immediately thereafter.

**ANSWER:**

**INTERROGATORY NO. 3:**       Please state all facts upon which you rely to support your allegations in your Complaint that:

  a.  The shopping cart referenced in the Complaint was defective;

  b.  Ross had knowledge of the alleged defects in the shopping cart prior to the time of the Plaintiff's alleged incident;

  c.  Ross failed to properly maintain the shopping cart referenced in the Plaintiff's Complaint;

  d.  Ross breached a duty to warn the Plaintiff of alleged defects in the shopping cart referenced in the Plaintiff's Complaint; and

  e.  Ross breached a duty of care owed to the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 4:**       Please state in specific detail the manner in which the Plaintiff claims that the alleged negligence of the Defendant, as described in Interrogatory No. 3 was a factor in causing damage to the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 5:**       Please state the name, address, telephone number and place of employment of any persons who have any knowledge regarding the facts or opinions given in answer to Interrogatory No. 3 above and identify all documents that evidence said facts.

2

**ANSWER:**

**INTERROGATORY NO. 6:**        Please state the name, address, telephone number and place of employment of each person who witnessed the subject incident.

**ANSWER**:

**INTERROGATORY NO. 7:**        Please state the name, address, telephone number and place of employment of all persons known to you or reasonably thought by you, your attorney, agents or other representatives to have knowledge of facts material or relevant to the issues pertaining to liability or damages in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 8:**        Please state the name, address, telephone number and place of employment of each person you will call to testify at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 9:**        Please state the name, address, telephone number of each expert witness with whom you have conferred or intend to use at trial, and with regard to each such expert who is expected to be called to testify at the trial of this matter, please provide:

    a.   The subject matter on which the expert is expected to testify;

    b.   The substance of the facts and opinions as to which the expert witness is expected to testify;

    c.   A summary of the grounds for each such opinion; and

    d.   A copy of each expert's curriculum vitae.

**ANSWER:**


**INTERROGATORY NO. 10:**     Please give a detailed account of your movements and activities on the entire day of May 18, 2019.

**ANSWER:**


**INTERROGATORY NO. 11:**     Please relate the substance of any and all statements or utterances made by you, to you or in your presence concerning the occurrence of the subject incident and identify fully the person making said statement(s) by providing their names, addresses and telephone numbers.

**ANSWER:**


**INTERROGATORY NO. 12:**     When and from whom did you first seek medical attention for the injuries you claim to have received in the subject incident?

**ANSWER:**


**INTERROGATORY NO. 13:**     Please state the name and address of any doctors, physical therapists and chiropractors who have examined or treated you for any injuries you claim to have received in these incidents, and for each such doctor, physical therapist or chiropractor listed, please give the following information:

    a.   All dates on which you were seen;

    b.   General area of practice of each medical professional who examined or treated you;

c.  What you were told by each doctor, physical therapist or chiropractor concerning your alleged injuries and recommended treatment for same.

**ANSWER:**


**INTERROGATORY NO. 14:**       Please describe with particularity the injuries you claim you received in the subject incident, and the present condition of each such injury.  Please include in your answer any prior or subsequent complication of any kind you may have experienced with any parts of the body you claim were injured as a result of the subject incident.

**ANSWER:**


**INTERROGATORY NO. 15:**       Please describe in detail any previous trouble or subsequent trouble of any kind which you have experienced with any parts of your body you claim are injured as a result of the subject incident.

**ANSWER:**


**INTERROGATORY NO. 16:**       With regard to any hospitalization or emergency room visit prior to these incidents or thereafter, other than for treatment of the injuries received in the subject incident which is the subject matter of this lawsuit, please give the following information:

a.  The name and address of the hospital;

b.  The dates of admission and discharge;

c.  The name of the attending physician; and

d.  Describe the condition which caused such hospitalization.

**ANSWER:**

5

**INTERROGATORY NO. 17:**     Please state the name, address, and telephone number of each and every physician who has examined or treated you during the last fifteen years and provide a description of the condition which led to the examination or treatment.

**ANSWER:**

**INTERROGATORY NO. 18:**     Please describe in detail all other claims you have ever made for personal injury, either prior to or subsequent to the subject incident, and for each claim please provide the following:

    a.   The style of the action;

    b.   The court and docket number;

    c.   The date on which the action was filed; and

    d.   The date on which the action was resolved.

**ANSWER:**

**INTERROGATORY NO. 19:**     Please itemize in detail all special damages you claim to have incurred as a result of the subject incident, including the names of doctors or medical providers seen, dates that treatment was received and the amount incurred for each date of treatment.

**ANSWER:**

**INTERROGATORY NO. 20:**     Please itemize in detail each amount claimed by Plaintiff for each item of unliquidated damages and the corresponding amount being sought by

way of this lawsuit.  If you are making a claim for loss of income or impairment or destruction of earning capacity, please state:

    a.  The names and addresses of each place of employment for the last 5 years, the compensation rate for such employment and the dates of such employment;

    b.  The specific dates on which you missed work on which you were claiming was a result of this incident; and

    c.  The method of computation of lost income and/or impairment or destruction of earning capacity.

**ANSWER:**


**INTERROGATORY NO. 21:**     Please itemize and identify all benefits, payments, reimbursements or collateral source payments of any kind received by you or paid on your behalf for special damages you claim to have incurred as a result of the subject incident.

**ANSWER:**


**INTERROGATORY NO. 22:**     Have you ever been involved in any other incidents/accidents in which you allegedly suffered injuries and/or damages other than the alleged incident in question?  If so, please provide:

    a.  The date of each such incident/accident;

    b.  The specific location (including city and state) of each such incident/accident;

    c.  Whether a lawsuit was filed as a result of each such incident/accident; and

    d.  The circumstances of each such incident/accident, including injuries and/or damages you suffered as a result.

**ANSWER:**

**INTERROGATORY NO. 23:**      Please identify each trial exhibit which you anticipate introducing into evidence at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 24:**      Please state whether the Plaintiff has ever been convicted of a felony, and if so, with respect to each such conviction, please state the date of the conviction, the identity of the court involved and the nature of the felony.

**ANSWER:**

**INTERROGATORY NO. 25:**      Please give the names, address, telephone number, and place of employment of each person who has examined or inspected the area of the subject incident, and with regard to each such examination or inspection, please state:

    a.   The date it occurred;

    b.   What was done; and

    c.   The results of any such examination or inspection.

**ANSWER:**

**INTERROGATORY NO. 26:**      With respect to the incident in question, please provide the following information:

    a.   The precise location of the subject incident;

    b.   The time of the subject incident;

    c.   The condition which you claim caused the incident; and

    d.   Please state what you were doing when the incident occurred.

8

**ANSWER:**

**INTERROGATORY NO. 27:**      Please identify specifically each and every code, statute, and/or regulation you claim the Defendant violated in conjunction with the subject incident.

**ANSWER:**

**INTERROGATORY NO. 28:**      Please describe in complete detail each time you notified the Defendant of the condition which you claim caused the subject incident.   Please provide the following information:

   a.   The date it occurred;

   b.   How the notification was delivered (e.g. U.S. mail, email, telephone, etc.);

   c.   The substance of the notification;

   d.   The individual(s) and/or entities the notification was directed to; and

   e.   The response received from the individual(s) and/or entities.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please provide copies of all medical reports in the possession of Plaintiff or Plaintiff's counsel concerning any examination or treatment of injuries alleged to have been sustained as a result of the subject incident.

**RESPONSE:**

**REQUEST NO. 2:**   Please execute and return Plaintiff's authorizations for the Release of Social Security, Medical and Employment Records (forms attached).

**RESPONSE:**

**REQUEST NO. 3:**   With regard to Interrogatory No. 19, please provide copies of all bills, cancelled checks or other documentary evidence supporting any damages for special damages.

**RESPONSE:**

**REQUEST NO. 4:**   With regard to Interrogatory No. 21, please provide copies of all receipts, bills, cancelled checks, correspondence or other documentary evidence substantiating the payment of benefits or reimbursements by you or paid on your behalf.  Please provide us with any loan receipt or assignment executed by Plaintiff in favor of any third party.

**RESPONSE:**

**REQUEST NO. 5:**   Please provide copies of any written or recorded statements in the possession of Plaintiff or Plaintiff's counsel obtained in connection with the subject incident.

**RESPONSE:**

**REQUEST NO. 6:**   Please provide copies of any photographs and/or videotapes in the possession of Plaintiff or Plaintiff's counsel taken in connection with the subject incident.

**RESPONSE:**

10

**REQUEST NO. 7:**   Please provide copies of any diagrams or drawings in the possession of Plaintiff or Plaintiff's counsel made in connection with the subject incident.

**RESPONSE:**

**REQUEST NO. 8:**   Please provide copies of all documents which you will use to support the allegations referred to in Interrogatory No. 3 above.

**RESPONSE:**

**REQUEST NO. 9:**   With regard to Interrogatory No. 9, please provide copies of any and all written material prepared by Plaintiff's experts relating to any matter at issue and any documents which you anticipate calling to the attention of any expert testifying in this case.

**RESPONSE:**

**REQUEST NO. 10:**   With regard to Interrogatory No. 23, please provide copies of all trial exhibits you anticipate introducing into evidence at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 11:**   Please provide copies of the Plaintiff's State and Federal Income Tax Returns for the last five (5) years and each additional year from the time of commencement of this action until trial.

**RESPONSE:**

**REQUEST NO. 12:** Please provide copies of all reports of investigations or other documents relating to any investigation of the subject incident or the incident scene.

**RESPONSE:**

**REQUEST NO. 13:** Please provide copies of all documents which reflect that you were lawfully on the premises at the time of the alleged incident.

**RESPONSE:**

**REQUEST NO. 14:** With regard to Interrogatory No. 28, please provide copies of all documents regarding notice to the Defendant of the condition(s) which you claim caused the subject incident.

**RESPONSE:**

## REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the damages you are claiming in this action do not and will not exceed the sum of $75,000.00 exclusive of interest and costs.

**RESPONSE:**

12

Respectfully submitted,

/s/ Deanna M. Marzian Tucker
Deanna M. Marzian Tucker, Atty. # 21849-10
SCHILLER BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 583-4777
FAX: (502) 583-4780
dtucker@sbmkylaw.com
*Counsel for Defendant,*
*Ross Dress for Less, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above documents was served either electronically or by First-Class Mail, on counsel listed below on this 1st day of July 2020:

Robert T. Garwood, #32223-49
MORGAN & MORGAN
20 NW 3rd, Suite 940
Evansville, IN 47708
rgarwood@forthepeople.com
*Counsel for Plaintiff*

/s/ Deanna M. Marzian Tucker
SCHILLER BARNES MALONEY PLLC

13

## EMPLOYMENT RECORDS AUTHORIZATION

**TO:**   _____

_____

_____

_____

You are hereby authorized and requested to furnish to the law firm of SCHILLER

BARNES MALONEY, PLLC, any and all information regarding my employment,

including but not limited to the following:

1.  Employee's application for employment;

2.  Name and address of immediate supervisor for this employee;

3.  Statement listing beginning date of employment to present and/or date of leave, resignation, or termination, including any gaps in employment history with your facility;

4.  Any and all attendance and absentee records, including any sick days taken, for this employee;

5.  Any and all payroll records including a statement showing regular hours worked, overtime hours worked, total regular pay, total overtime pay, and beginning and current/final salary;

6.  Any and all employee evaluations and/or reviews as well as disciplinary reports or actions, and a general description of job duties;

7.  Statement of any sick days taken, worker's compensation benefits, disability benefits, and copies of all medical and/or injury reports or any information you have regarding the employee;

8.  Statement of any continuing education courses and/or any other training received, including copies of any certifications of completion applicable therefore; and

9.  Any and all records not previously listed above you may have on this employee.

This authorization expires three (3) years from the date of the signature.  The aforementioned expiration date has not passed.

Please rely on this authorization and request without limitation until such time as you may have written notice of its revocation. A photocopy of this authorization shall be deemed as binding as the original.

_____

**BARRI RINELLA**

DOB: _____

SSN: _____

Date Signed: _____ (Required)

STATE OF _____   )
                                                                            ) SS:
COUNTY OF _____   )

SUBSCRIBED AND SWORN TO before me by **BARRI RINELLA,** this _____ day of _____, 20___.

My commission expires _____.

_____
Notary Public

## AUTHORIZATION TO RELEASE INFORMATION

**TO:**   _____
   _____
   _____
   _____

Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, you, the provider, are hereby authorized to release **all medical records, including but not limited to**: office notes, history, physical, consultation notes, notes from other providers, discharge summaries, order and progress notes, discharge summaries, facesheets, operative reports, pathology reports, outpatient records, laboratory results, toxicology results, nurse notes, emergency room records, operative records, in-patient records, and reports and imaging of x-rays, MRI's, PET scans, and CT Scans, medical bills, photographs, health insurance, Medicaid or Medicare records, concerning any medical treatment that the below-patient, has received from you, at your institution, or which you keep in the regular course of business.

The above-information is to be released to:
**Schiller Barnes Maloney PLLC**
**401 W. Main Street, Suite 1600**
**Louisville, KY 40202**

- I hereby authorize the release of all protected information regarding mental health and psychiatric records, including but not limited to psychotherapy notes (pursuant to 45 CFR § 164.508), chemical dependency or HIV.

- A photostatic copy of this authorization shall be as valid as the original.

- The purpose of this authorization and request is to obtain ALL medical information pertaining to the patient's physical condition, which may be relevant as it pertains to certain personal injury claims or litigation styled, "***Barri Rinella v. Ross Dress for Less, Inc.***" arising out of an incident that occurred on May 18, 2019.

- This authorization expires three (3) years from the date of the signature.  The aforementioned expiration date has not passed.

- The below-named patient has the right to revoke this authorization in writing by providing a signed, written notice of revocation to you, the provider, and Schiller Barnes Maloney PLLC, with the exception that this revocation does not apply to previous disclosures made in reliance on this authorization.

- Medical providers may not condition treatment or payment on whether the below-named patient executes this authorization.

- The information disclosed pursuant to this authorization may be subjected to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

                                    _____

**BARRI RINELLA**
DOB:
SSN:

Date of Signature: _____(Required)

In case of minor child, a Guardian or Authorized Representative must sign and designate their relationship to the patient.

STATE OF _____    )
                                          ) SS:
COUNTY OF _____    )

SUBSCRIBED AND SWORN TO before me by **BARRI RINELLA**, this _____ day of _____, 20____.

My commission expires _____.

                                    _____
                                    Notary Public

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO:  Social Security Administration**

| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |
|---|---|---|

I authorize the Social Security Administration to release information or records about me to:

| *NAME OF PERSON OR ORGANIZATION: | *ADDRESS OF PERSON OR ORGANIZATION: |
|---|---|
| Michael S. Maloney, Esq. | Schiller Barnes Maloney PLLC |
| | 401 W. Main Street, Suite 1600 |
| | Louisville, KY 40202 |

*I want this information released because:   Records are relevant to a lawsuit I have filed.
We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☐ Verification of Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☒ Current monthly Supplemental Security Income payment amount
4. ☒ My benefit or payment amounts from date _____ to date _____
5. ☒ My Medicare entitlement from date _____ to date _____
6. ☒ Medical records from my claims folder(s) from date_____ to date_____
   If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☒ Complete medical records from my claims folder(s)
8. ☒ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)
   Any and all applications for benefits, medical records, provider notes, written correspondence, opinions issued, and testimony given.

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

| *Signature: | *Date: |
|---|---|
| **Address: | **Daytime Phone: |
| Relationship (if not the subject of the record): | **Daytime Phone: |

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

IN THE DUBOIS CIRCUIT COURT
STATE OF INDIANA

BARRI RINELLA,               )
      Plaintiff         )
                    )
v.                           )
                    )   CAUSE NO. 19C01-2006-CT-000279
ROSS DRESS FOR LESS, INC.,   )
      Defendant         )
                    )
                    )
                    )

## ANSWER AND OBJECTIONS TO DEFENDANT'S REQUEST FOR ADMISSION

### REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the damages you are claiming in this action do not and will not exceed the sum of $75,000.00 exclusive of interest and costs.

**RESPONSE:** Plaintiff lacks sufficient knowledge to admit or deny the request as stated. The request is premature to the extent that it asks her to determine whether she would cap damages while her medical treatment is still ongoing. The request is further limited by the fact that Plaintiff is not a medical expert able to opine as the nature and expense of all necessary future medical procedures and/or equipment needed because of her injuries. To the extent an answer is required for this request, the same is hereby denied.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the above documents was served either electronically or by First-Class Mail, on counsel listed below on this 23rd day of July 2020:

Deanna M. Marzian Tucker, Atty. # 21849-10
SCHILLER BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 583-4777
FAX: (502) 583-4780
dtucker@sbmkylaw.com
*Counsel for Defendant,*
*Ross Dress for Less, Inc.*